United States District Court
Southern District of Texas
**ENTERED**
March 29, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-3721 |
| | § | |
| HARRIS COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

### I.

Before the Court are the motions to dismiss of defendants' Melissa Munoz and Jamie Burro in their individual capacities [DE 4], Harris County, Texas and Ron Hickman, in his official capacity [DE 3] and by Ken Paxton and Greg Abbott, in their official capacities [DE 23].

The Court has reviewed the motions, responses and replies, if any, carefully evaluated the facts and applicable law and determines that the motions should be granted as to Melissa Munoz and Jaime Burro in their individual capacities, Harris County, Texas and Ron Hickman, in his official capacity, Ken Paxton and Greg Abbott, in their official capacities[1].

### II.

---

[1] The case of Jane Doe, CV. No. H-16-2133(S. D. Tex. 2017) is instructive concerning the issues raised in this case. The Court does not need to look beyond the statements of law, discussion and analysis presented there for resolution of the case at bar. The Court, therefore, adopts the statements of law, discussion and analysis as the primary basis for the resolution of this case, in that it is dispositive of the issues here.

This civil rights action, brought by Jane Doe, pursuant to 42 U.S.C. § 1983, against county officials and Harris County arises because Harris County prosecutors, Munoz and Burro, obtained a writ of attachment or bench warrant that caused the plaintiff to be detained in Harris County jail some 49 days, more or less, past the date that she was released from state custody on unrelated charges.

A rape suspect was arrested, held and tried based on a rape kit obtained from the plaintiff at the time the offense was reported. Although the plaintiff cooperated with the Harris County District Attorney's Office, the prosecutors, Munoz and Burro, sought and obtained an arrest warrant to insure the plaintiff's presence for trial. Therefore, the plaintiff was taken into custody by the Harris County Sheriff and moved to the Harris County jail after being released to Harris County on December 18, 2015, to await trial of the suspect on rape charges.

### III.

Against Munoz and Burro, in their official capacities, the plaintiff asserts that, based on official policy, or unofficial custom of jailing cooperating witnesses without notice or opportunity to be heard, the defendants violated her Civil Rights, in violation of 42 U.S.C § 1983 and the Fourth, Sixth and Fourteenth Amendments to the federal Constitution. The plaintiff's claim arises as a result of issuance of a Bench Warrant out of the 248th Judicial District Court and detention in Harris County jail. Lastly, concerning Munoz and Burro, the plaintiff asserts that their conduct was ratified by the District Attorney.

The plaintiff also claims that Hickman, as Sheriff, and Harris County routinely receives persons pursuant to Bench Warrants and Writs of Attachment. Because of custom, practice and/or policy, Hickman and Harris County failed to bring individuals, including the plaintiff, before a court for a bond hearing, provide appointed counsel where approximate and in this instance intentionally "booked" the plaintiff as a charged defendant. They otherwise acted with conscious indifference to the plaintiff's civil rights in violation of 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments to the federal Constitution. Again here, the plaintiff points to failed supervision, lack of training, and/or the implementation of practices and policies that permit and/or ignore unconstitutional conduct.

Finally, the plaintiff seeks injunctive and/or declaratory relief against Paxton and Abbott in their official capacities pursuant to *Ex parte Young*, 209 U.S. 123 (1908). While the plaintiff does not specifically state facts that support injunctive or declaratory relief, presumably, the conduct of Munoz and Burro, as state prosecutors, is the basis for including the State Attorney General and Governor, respectively, in this suit.

**IV.**

A suit against Paxton and Abbott in their official capacities is a suit against the State of Texas. *Hayer v. Meo*, 502 U.S. 21, 25 (1991). The plaintiff's assertion that Paxton and Abbott were included to insure jurisdiction over Munoz and Burro in the event it is determined that they are State of Texas actors, reveals lack jurisdiction over Paxton and Abbott. The plaintiff's argument finds no basis in the pleadings and there are no allegations that Paxton and/or Abbott officially or otherwise participated in the events

made the basis of the plaintiff's suit. Assuming that Munoz and Burro are state officials, sovereign immunity and the Eleventh Amendment to the federal Constitution bars the plaintiff's suit as it does against Paxton and Abbott. Texas has not waived sovereign immunity under section 5 of the Eleventh or Fourteenth Amendments, to the federal Constitution. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66 (1989).

The plaintiff, therefore, does not and cannot state a cause of action against Paxton and Abbott in federal Court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009); Fed. R. Civ. P., Rule 12(b)(6) (in the absence of participation and/or facts to the support allegations, the plaintiff's suit fails).

Munoz and Burro's claim of absolute prosecutorial immunity from claims asserted by the plaintiff under § 1983, is based in the view that they are advocates for the State of Texas and, therefore, entitled to the benefits of sovereign immunity under the Eleventh Amendment. Case law supports the conclusion that a prosecutor is entitled to absolute immunity when she appears in court in the course and/or role of an advocate for the State. *See Jane Doe v. Harris County, Texas et. al* [(CA. No. 16-2133); [DE 62, pp. 23-52]. The Court, therefore concludes that this issue has been thoroughly treated in a companion case, therefore, Munoz and Burro's motion to dismiss should be granted. *See Id.*

Lastly, the Court is of the opinion that the plaintiff's claims against Harris County and Ron Hickman in his official capacity should be dismissed. The plaintiff does not dispute the fact that Hickman was duty bound to comply with the court's order regarding the plaintiff's custody. Nor does the plaintiff assert or present facts that support a finding that Hickman exceeded his authority or, otherwise, misused the authority imposed.

Therefore, the Court determines that a § 1983 cause of action is unsuccessfully pled against Harris County and Hickman.

It appears undisputed that it is the duty of the court issuing the warrant or writ of attachment to scrutinize the conditions under which the witness was held. *See* Texas Code of Crim. Procedure § 24.111. The record is clear that neither the 248th Judicial District judicial officers, nor the court, are parties to this litigation. It is there that the State and federal civil rights claims should have been enforced. Therefore, Harris County and Hickman's motion to dismiss is granted.

It is so ORDERED.

SIGNED on this 29th day of March, 2018.

_____
Kenneth M. Hoyt
United States District Judge